# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONSTANCE B. HAMEDANI, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cv-146 |
| BOARD OF EDUCATION OF ) | |
| THE CITY OF CHICAGO, ) | |
| Defendant. ) | Judge Sharon Johnson Coleman |
| ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Constance B. Hamedani ("Hamedani"), a former elementary school teacher, filed a complaint on January 9, 2012 alleging that the defendant Board of Education of the City of Chicago (the "Board") discriminated against her by terminating her on the basis of her disability. The Board moves to dismiss Hamedani's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the foregoing reasons, the Board's motion is granted.

**Background**

Hamedani, a former teacher at Bethune Elementary School, was diagnosed with sleep apnea in 2003. On September 29, 2005, Hamedani was terminated from her position for "tardiness" and "irremediable conduct." On December 20, 2005, Hamedani filed a charge with the Illinois Department of Human Rights ("IDHR") alleging discrimination on the basis of her disability. A charge with the Equal Employment Opportunity Commission ("EEOC") was automatically filed with her IDHR charge and on December 22, 2011 the Illinois Human Rights Commission ("IHRC") declined to review Hamedani's claims further. The IHRC entered the Administrative Law Judge's ("ALJ") October 18, 2012 order denying Hamedani's claims. Hamedani has not alleged nor provided documentation of a right to sue letter.

On January 9, 2012, Hamedani filed this instant action in which she seeks to appeal the ALJ decision and alleges that the Board terminated her in violation of the IHRA. Specifically, Hamedani alleges that she was discriminated against because of her sleep apnea and that she was punished for her tardiness which was a result of her disability. Hamedani states that no other teachers at Bethune Elementary School received such adverse responses regarding their

1

tardiness. On May 30, 2012 the Board filed its motion to dismiss Hamedani's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Furthermore, "a *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers, and can be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Despot v. Combined Ins. Co. of Am.*, No. 03 C 7130, 2004 U.S. Dist. LEXIS 8368, at *6 (N.D. Ill. May 12, 2004) (internal quotations omitted). Accordingly, the Court construes Hamedani's complaint liberally, accepts as true all well-pleaded facts in her complaint, and draws all reasonable inferences in her favor. However, this broad liberal construction does not absolve a *pro se* litigant from the requirements of administrative procedures. *See Mosley v. McDonald's Corp.*, No. 05 C 7290, 2008 U.S. Dist. LEXIS 34140, at *6 (N.D. Ill. Apr. 25, 2008) (noting that although courts must construe *pro se* pleadings liberally, a plaintiff's *pro se* status does not absolve him from complying with Local Rules).

**Discussion**

The Board moves to dismiss Hamedani's complaint for lack of jurisdiction and failure to exhaust administrative remedies. In her complaint, Hamedani first seeks review of the ALJ's ruling adopted by the IHRC. Hamedani argues that the ALJ's findings were improper and that the ALJ did not take her entire school and work record into account when ruling on her charges. Secondly, Hamedani alleges that the Board violated the Americans with Disabilities Act ("ADA") when it terminated her in part for tardiness which she claims resulted from her disability of sleep apnea. Hamedani argues in her response that certain exceptions are applicable to the general requirement of exhaustion of administrative remedies.

*1. Exhaustion of Administrative Remedies*

The Board argues that Hamedani's ADA claim should be dismissed for failure to exhaust administrative remedies. Hamedani argues that the exhaustion of remedies requirement is not absolute and that she should be exempted from such requirements.

In order to bring a civil action alleging a violation of the ADA, a plaintiff must exhaust her administrative remedies with the EEOC before she may litigate them in federal court. *See Travis v. Cook-DuPage Transp.*, No. 11 C 6080, 2012 U.S. Dist. LEXIS 52671, at *5-6 (N.D. Ill. Apr. 16, 2012). Accordingly, before a plaintiff may file suit in federal court under the ADA, she must "(1) file a timely charge with the EEOC, and (2) receive a right to sue letter from the EEOC." *Wamack v. Windsor Park Manor*, No. 10 CV 6808, 2011 U.S. Dist. LEXIS 148237, at *8 (N.D. Ill. Dec. 27, 2011). The plaintiff then has ninety days from the receipt of the right to sue letter to commence a civil action in the district court. *See Travis*, 2012 U.S. Dist. LEXIS 52671, at *5-6. These statutory requirements are deemed preconditions, similar to statutes of limitations and, if not satisfied, are grounds for dismissal unless waived by the defendant. *See Wamack*, 2011 U.S. Dist. LEXIS 148237 at *8.

Hamedani does not allege that she received a right to sue letter from the EEOC. Indeed, she concedes that she did not exhaust her administrative remedies by arguing that she qualifies for a purported "exception" to such exhaustion requirements. While Hamedani attaches an EEOC Notice of Charge letter to her complaint which indicates that she filed a charge of employment discrimination with the IDHR, Hamedani presents no allegations or documents demonstrating receipt of a right to sue letter. Contrary to Hamedani's contentions, her failure to comply with the statutory preconditions of the ADA is grounds for dismissal of her claim. The cases cited by Hamedani do not support her proposition that there are exceptions to the exhaustion of administrative remedies requirement of the ADA. Accordingly, Hamedani's ADA claim is dismissed.

*2. Jurisdiction*

The Board argues that Hamedani cannot seek review in this Court of the ALJ's adverse decision. Hamedani does not directly address this argument, but instead proffers grounds for her objections to the ALJ's findings.

The IHRA, adopted in 1979, prohibits unlawful discrimination, including discrimination against an individual on the basis of race, religion, color, ancestry, national origin, age, marital

status, sex, or handicap. *See De v. City of Chicago*, No. 11 C 4521, 2012 U.S. Dist. LEXIS 178693 at * 62 (N.D. Ill. Dec. 14, 2012); 775 Ill. Comp. Stat. 5/1-102. The legislature intended the IHRA, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations. *See De*, 2012 U.S. Dist. LEXIS 178693 at * 63. Prior to 2008, courts had no jurisdiction to hear independent actions for civil rights violations. *Id*. Indeed, the judiciary had a limited role in the enforcement of the IHRA and "only final orders issued by the [IHRC] were subject to narrow appellate review." *Id*. Moreover, the IHRA specifically provides that a complainant or respondent may apply for and obtain judicial review of a final order of the IHRC by filing a petition for review in the Appellate Court within 35 days from the date the final order is served on that party. 775 ILCS 5/8-111. Accordingly, prior to 2008, the IHRC had exclusive jurisdiction to hear all claims brought under the IHRA with the role of the judiciary being limited to narrow Appellate Court review. *Id*. However, in 2008 the Illinois legislature amended the IHRA to give original jurisdiction over IHRA claims to the IHRC as well as the circuit courts of Illinois. *Id*. at *64. The Seventh Circuit has not addressed the issue of whether federal courts may exercise jurisdiction over claims brought pursuant to the IHRA. However, the majority of district courts within this Circuit have concluded that pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, federal courts may have subject matter jurisdiction over IHRA claims. *Id*. at *64-65.

Here, Hamedani has no federal claims that would invoke supplemental jurisdiction over her objections to the ALJ's IHRA findings. Hamedani may appeal a final IHRC order, however the proper court for such an appeal is the state appellate court as provided for in the IHRA. Accordingly, the Board's motion to dismiss Hamedani's objections to the ALJ's findings and ruling is granted.

**Conclusion**

The Board's motion to dismiss Hamedani's ADA claim and objections to the ALJ's ruling is granted.

IT IS SO ORDERED.

Date: December 28, 2012

_____
\_\_Judge Sharon Johnson Coleman
United States District Judge