UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE HAMEDANI, ) | |
| ) | |
| Plaintiff, ) | Case No: 12-cv-00146 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| BOARD OF EDUCATION OF THE CITY ) | |
| OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM, OPINION, AND ORDER**

*Pro se* plaintiff Constance Hamedani ("Hamedani") moves for reconsideration of this Court's order dismissing her complaint for failure to exhaust administrative remedies. Hamedani initially filed a complaint on January 9, 2012 alleging that the Board of Education of the City of Chicago (the "Board") discriminated against her by terminating her on the basis of a disability. On December 28, 2012, this Court dismissed Hamedani's complaint because she failed to allege or provide documentation of a right to sue letter. On January 2, 2013, Hamedani filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), attaching her right to sue letter, postmarked October 17, 2012. The Board argues that regardless of Hamedani's receipt of the right to sue letter, her claims are barred by the doctrine of res judicata. For the following reasons, Hamedani's motion to reconsider is granted.

Under Federal Rules of Civil Procedure 59(e), a district court may alter or amend a judgment "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of

1

law or fact." *Miller v. Safeco Ins., Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012)(internal quotations omitted). Here, Hamedani's right to sue letter was postmarked on October 17, 2012, after briefing on the Board's motion to dismiss had been completed, but before this Court had rendered its order dismissing Hamedani's claims. Hamedani, therefore, had prematurely filed her complaint because she had not received her right to sue letter at the time of filing. Three days after receiving the letter, after briefing on the Board's motion to dismiss had closed, Hamedani filed the instant motion to reconsider. This Court properly dismissed Hamedani's complaint because she had not yet received a right to sue letter; however, this Court takes into consideration plaintiff's *pro se* status and judicial expediency to liberally construe plaintiff's motion to reconsider. Instead of requiring Hamedani to re-file the same case, this Court will allow Hamedani to file an amended complaint with the requisite documentation attached.

The Board argues that Hamedani's claims are nonetheless barred by res judicata. To determine whether the doctrine of res judicata applies based on a state court judgment, a federal court applies the preclusion law of the state that rendered the judgment. *Atterberry v. Cook County Sheriff*, No. 09 C 6653, 2010 U.S. Dist. LEXIS 16021, 4-5 (N.D. Ill. Feb. 23, 2010). Additionally, state administrative findings that have been subjected to state judicial review are also entitled to claim and issue preclusive effect in federal courts. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-482 (1982). However, the Supreme Court has held that unreviewed state administrative proceedings are not entitled to preclusive effect on Title VII claims. *University of Tennessee v. Elliot*, 478 U.S. 788,796 (1986). The Seventh Circuit has adopted and expanded the Supreme Court's *Elliott* rationale to unreviewed administrative proceedings in other federal anti-discrimination statutes including the ADA. *See Staats v.*

*County of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000). Therefore, in this case, the Illinois Human Rights Commission's findings would only be given preclusive effect if its findings had been reviewed. Here, the Illinois Human Rights Commission's holdings were never reviewed. Hamedani did not seek review of the Illinois Human Rights Commission's findings in any state court; she immediately filed a federal claim under the ADA and included, in her complaint, a request for review of the Illinois Human Rights Commission's holdings. Accordingly, the unreviewed state administrative proceedings are not entitled to preclusive effect.

For the foregoing reasons, Hamedani's motion for reconsideration is granted. Hamedani is given 28 days to file an amended complaint with the requisite documentation attached; otherwise her complaint will be dismissed with prejudice.

Date: August 21, 2013

_____
Sharon Johnson Coleman
United States District Judge