UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE B. HAMEDANI, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF EDUCATION OF )<br>THE CITY OF CHICAGO, )<br>    Defendant. )<br>) | Case No. 12-cv-146<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Defendant Board of Education of the City of Chicago (the "Board") moves to dismiss *pro se* plaintiff's, Constance Hamedani ("Hamedani"), complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Hamedani's claims are barred by *res judicata*. For the following reasons, the Court grants defendants motion in its entirety.

The facts of the case are well established. Hamedani, a tenured Chicago public school teacher at Bethune Elementary School, was diagnosed with sleep apnea in 2003. On September 29, 2005, she was terminated for "irremediable conduct," including excessive tardiness. Following her discharge, Hamedani timely filed discrimination charges with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights. The Illinois Human Rights Commission declined to review Hamedani's claims any further and entered the Administrative Law Judge's ("ALJ") findings on October 18, 2012 denying Hamedani's claim.

On January 9, 2012 Hamedani prematurely filed the instant action appealing the ALJ decision and alleging that she was discriminated against on the basis of her disability (sleep apnea). This Court initially granted the Board's motion to dismiss because Hamedani failed to produce a right to sue letter. On August 21, 2013, this Court granted Hamedani's motion to reconsider based on her right to sue letter and allowed Hamedani to file an amended complaint.

1

However, Hamedani had also petitioned the Circuit Court of Cook County on November 2, 2005 for administrative review of her discharge.[1] Hamedani argued that the Board's determination that her conduct was irremediable was against the manifest weight of the evidence and that the Board discriminated against her on the basis of her disability. On January 22, 2007 the circuit court affirmed her discharge, and the Appellate Court of Illinois subsequently dismissed her appeal. The Board now moves to dismiss Hamedani's complaint based on the doctrine of *res judicata*.

A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To determine whether the doctrine of *res judicata* applies based on a state court judgment, federal courts apply the preclusion law of the state that rendered the judgment. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). In Illinois, *res judicata* bars a subsequent action if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013).

Requirements one and three are clearly met. "The judgment of a state court sitting in review of an administrative agency is entitled to full faith and credit in federal court." *Abner v. Illinois Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012) (citations omitted). Hamedani petitioned the circuit court for administrative review of her discharge and both Hamedani and the Board were parties to that case. The circuit court considered and addressed each of Hamedani's claims of wrongful termination based on irremediable conduct and disability discrimination. The circuit court's order affirming Hamedani's discharge was thus a final judgment on the merits.

The only question is whether Hamedani's federal claims constitute the same cause of action as her state administrative proceeding claims. To decide this, Illinois courts apply the transactional approach. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 307 (1998). Under this approach, separate claims are considered the same cause of action if they arise from a single group of operative facts regardless of whether different theories of relief are asserted. *Id*;

---

[1] In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon,* 217 F.3d 472, 474–75 (7th Cir. 2001).

*see also Hayes v. City of Chicago*, 2010 WL 4627716 (N.D. Ill. Nov. 3, 2010) *aff'd*, 670 F.3d 810 (7th Cir. 2012). Hamedani's state and federal claims undeniably stem from the same operative facts, namely the alleged irremediable conduct that led to Hamedani's termination. Indeed, Hamedani's state and federal claims each allege she was discriminated against on the basis of her disability. Because the two cases share the same factual issue, an identity of cause of action exists and Hamedani's pending claims are barred by *res judicata*.

The doctrine of *res judicata* bars not only claims that were raised and actually decided in a prior suit, but also bars all claims that could have been raised in the prior suit. *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Therefore, even if Hamedani had raised her disability discrimination claim for the first time in federal court, such claim would be precluded because she could have raised it during her 2005 administrative review proceeding. *See Abner*, 674 F.3d at 719 (finding plaintiff was precluded from raising Title VII discrimination claim for first time in federal court because he could have raised the claim as a defense to the propriety of his discharge in state administrative review proceeding).

Although Hamedani appears to have had a favorable work history prior to 2003, per attachments to her amended complaint, claims arising out of her of subsequent termination in 2005 are barred by *res judicata*. Accordingly, the Board's motion is granted and Hamedani's amended complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
Date: October 28, 2013

_____
Sharon Johnson Coleman
United States District Judge